Tyree P. Jones, Jr. (SBN 127631)
David S. Reidy (SBN 225904)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Mark S. Melodia *Appearing Pro Hac Vice*
Paul J. Bond
REED SMITH LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540
Telephone: (609) 520-6015
Facsimile: (609) 951-0824

Attorneys for Defendant
FIRST FRANKLIN FINANCIAL CORPORATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO RODRIGUEZ,

Plaintiff,

vs.

DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION

Defendant.

Case No.: C 08-01515 JW

**ANSWER OF DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION TO PLAINTIFF'S COMPLAINT**

Complaint filed: March 19, 2008

**HON. JAMES WARE**

**ANSWER**

Defendant First Franklin Financial Corporation ("Defendant") hereby answers the allegations of the Complaint filed in this action by plaintiff Francisco Rodriguez ("Plaintiff"). Unless expressly

admitted herein, Defendant lacks sufficient information to admit or deny the allegations of the Complaint and, on that basis, denies the allegations.

Answering the Introductory Paragraph, Defendant admits that Plaintiff purports to assert claims against Defendant on behalf of himself and a putative class of similarly situated minority homeowners under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.* ("ECOA") and the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA"). Except as expressly admitted herein, Defendant lacks sufficient information to admit or deny the allegations contained in the Introductory Paragraph and, on that basis, denies the allegations.

INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant denies that it engages in racially discriminatory mortgage lending practices. Answering the remaining allegations of Paragraph 1 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

2. Answering Paragraph 2 of the Complaint, Defendant denies the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

4. Answering Paragraph 4 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

5. Answering Paragraph 5 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

6. Answering Paragraph 6 of the Complaint, Defendant denies that it engaged in racially discriminatory conduct. Answering the remaining allegations of Paragraph 6, Defendant admits that Plaintiff's complaint seeks injunctive, declaratory, disgorgement, restitution, and other equitable relief, punitive damages, and other monetary and non-monetary remedies.

JURISDICTION AND VENUE

7. Answering Paragraph 7 of the Complaint, Defendant admits that this Court has original jurisdiction over civil actions arising under federal law.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

8. Answering Paragraph 8 of the Complaint alleging that venue is proper in this Court, Defendant neither admits nor denies the allegation because venue is a question of law. Defendant admits that it maintains its principal executive offices in this District. As for the remaining allegations of Paragraph 8, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

PARTIES

9. Answering Paragraph 9 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

10. Answering Paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

FACTS

11. Answering Paragraph 11 of the Complaint, Defendant denies that it discriminates against minority borrowers. Answering the remaining allegations of Paragraph 11, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

12. Answering Paragraph 12 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

13. Answering Paragraph 13 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

14. Answering Paragraph 14 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

15. Answering Paragraph 15 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

16. Answering Paragraph 16 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

17. Answering Paragraph 17 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

18. Answering Paragraph 18 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

19. Answering Paragraph 19 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

20. Answering Paragraph 20 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

21. Answering Paragraph 21 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

22. Answering Paragraph 22 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

23. Answering Paragraph 23 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

24. Answering Paragraph 24 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

25. Answering Paragraph 25 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

26. Answering Paragraph 26 of the Complaint, Defendant denies that it discriminated against minority borrowers. As for the remaining allegations of Paragraph 26, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

27. Answering Paragraph 27 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

28. Answering Paragraph 28 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

29. Answering Paragraph 29 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

30. Answering Paragraph 30 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

31. Answering Paragraph 31 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

32. Answering Paragraph 32 of the Complaint, Defendant denies that it discriminates against minority borrowers. As for the remaining allegations of Paragraph 32, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

33. Answering Paragraph 33 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

34. Answering Paragraph 34 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

35. Answering Paragraph 35 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

36. Answering Paragraph 36 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

37. Answering Paragraph 37 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

38. Answering Paragraph 38 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

39. Answering Paragraph 39 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

40. Answering Paragraph 40 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

41. Answering Paragraph 41 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

42. Answering Paragraph 42 of the Complaint, Defendant denies that it discriminates against minority borrowers. As for the remaining allegations of Paragraph 42, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Defendant admits that Plaintiff entered into a mortgage transaction with Defendant for two mortgage loans with an aggregate principal balance of $355,000. As for the remaining allegations of Paragraph 44, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

45. Answering Paragraph 45 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Defendant denies the allegations contained therein.

CLASS ACTION ALLEGATIONS

48. Answering Paragraph 48 of the Complaint, Defendant repeats and realleges each of its responses to the allegations set forth in Paragraphs 1 through 47 above as if set forth herein.

49. Answering Paragraph 49 of the Complaint, Defendant admits that Plaintiff purports to sue on his own behalf and on behalf of a class of persons purportedly defined in the Complaint. Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint. denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, Defendant admits that Plaintiff purports to sue on his own behalf and on behalf of a class of persons under Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

51. Answering Paragraph 51 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

52. Answering Paragraph 52 of the Complaint, Defendant denies the allegations contained therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

53. Answering Paragraph 53 of the Complaint, Defendant denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, Defendant denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, Defendant denies the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, Defendant denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

58. Answering Paragraph 58 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

59. Answering Paragraph 59 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

60. Answering Paragraph 60 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

61. Answering Paragraph 61 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

COUNT I

62. Answering Paragraph 62 of the Complaint, Defendant repeats and realleges each of its responses to the allegations set forth in Paragraphs 1 through 61 above as if set forth herein.

63. Answering Paragraph 63 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

64. Answering Paragraph 64 of the Complaint, Defendant denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Defendant denies the allegations contained therein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

66. Answering Paragraph 66 of the Complaint, Defendant denies the allegations contained therein.

67. Answering Paragraph 67 of the Complaint, Defendant denies the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, Defendant denies the allegations contained therein.

69. Answering Paragraph 69 of the Complaint, Defendant denies the allegations contained therein.

COUNT II

70. Answering Paragraph 70 of the Complaint, Defendant repeats and realleges each of its responses to the allegations set forth in Paragraphs 1 through 69 above as if set forth herein.

71. Answering Paragraph 71 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

72. Answering Paragraph 72 of the Complaint, Defendant denies the allegations contained therein.

73. Answering Paragraph 73 of the Complaint, Defendant denies the allegations contained therein.

74. Answering Paragraph 74 of the Complaint, Defendant denies the allegations contained therein.

75. Answering Paragraph 75 of the Complaint, Defendant denies the allegations contained therein.

76. Answering Paragraph 76 of the Complaint, Defendant denies the allegations contained therein.

77. Answering Paragraph 77 of the Complaint, Defendant lacks sufficient information to admit or deny the allegations contained therein and, on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Defendant alleges as an affirmative defense that the Complaint, and each cause of action asserted therein, fails to allege sufficient facts to state any claim for which relief can be granted to Plaintiff because it fails to allege a discriminatory practice or disparate impact on Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant alleges as an affirmative defense that Plaintiff's claims are barred by any and all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. Defendant alleges as an affirmative defense that Plaintiff has waived any and all claims, rights and demands made in the Complaint because he accepted the terms of any and all loans obtained from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. Defendant alleges as an affirmative defense that Plaintiff is barred by the doctrine of estoppel from asserting the claims, rights and demands made in the Complaint, because Defendant reasonably and justifiably relied on its loan contracts, if any, with Plaintiff, and upon the terms and conditions stated therein, and funded the loans, if any, to Plaintiff's benefit.

### FIFTH AFFIRMATIVE DEFENSE

### (Business Necessity/Justification)

5. Defendant alleges as an affirmative defense that any alleged acts or omissions of Defendant that gave rise to Plaintiff's alleged claims were and are justified by a legitimate business necessity and/or other legitimate non-discriminatory reason.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent/Acquiescence)**

6 Defendant alleges as an affirmative defense that Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint herein, including by accepting any and all loan terms and conditions disclosed to Plaintiff by Defendant and by voluntarily and knowingly paying any fees and making other payments associated with the loans.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Discriminatory Practice)**

7. Defendant alleges as an affirmative defense that it has not engaged in any discriminatory practices as alleged in the Complaint and that discriminatory intent was not a factor in determining the terms or conditions of any loan made to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Disparate Impact)**

8. Defendant alleges as an affirmative defense that its loan policies and procedures do not and did not have an improper disparate impact on any minority borrower, including Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

9. Defendant alleges as an affirmative defense that Plaintiff's damages, if any, were proximately caused and/or contributed to by the acts, omissions, negligence and/or intentional misconduct of third parties, and were not caused by Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

10. Defendant alleges as an affirmative defense that Defendant has committed no act or omission causing damage to Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Speculative Damage)**

11. Defendant alleges as an affirmative defense that the damages claimed by Plaintiff in the Complaint are too speculative to support any cognizable claim for relief.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

12. Defendant alleges as an affirmative defense that Plaintiff failed, refused and/or neglected to take reasonable steps to mitigate his alleged damages, if any, thus barring or diminishing any recovery by him against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Sufficient Intent)**

13. Defendant alleges as an affirmative defense that Defendant had no sufficient intent for the commission of the matters alleged in the Complaint and did not act with intent to discriminate against Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Standing)**

14. Defendant alleges as an affirmative defense that Plaintiff does not have standing to bring the causes of action alleged in their Complaint because he was not discriminated against and did not pay any fee or interest rate unrelated to creditworthiness or risk.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

15. The Complaint and each claim therein are barred because Defendant's acts and statements at all times were privileged.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Punitive Damages or Injunctive Relief)**

16. The Complaint fails to state facts sufficient to entitle Plaintiff to recover punitive or exemplary damages or injunctive relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Parol Evidence Rule)**

17. Plaintiff is barred by the Parol Evidence Rule from asserting the claims contained against Defendant in the Complaint.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Several Liability)**

18. The liability of Defendant, if any, is limited to several liability with respect to all non-economic damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Consistent With Law and Applicable Regulations)**

19. The Complaint and each claim set forth therein are barred because Defendant's conduct was consistent with all applicable law and regulations.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Good Faith)**

20. The Complaint and each claim set forth therein are barred because Defendant's conduct was at all time undertaken in good faith.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Statutory Compliance)**

21. Defendant has complied and is complying with all applicable provisions of federal and state statutes regulating the issuance of mortgage loans.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Enjoinable Conduct)**

22. The Complaint, and each cause of action alleged therein, fails to show any entitlement to the remedy of injunctive relief because it fails to state facts sufficient to show continuing wrongful acts, the threat of irreparable harm, the inadequacy of a legal remedy, or any reasonable likelihood of repetition of any alleged conduct actually established to be wrongful.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Class Action Improper – Lack of Typicality)**

23. Plaintiff's action is not proper for class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") as Plaintiff's claims are not typical of the claims of the purported class members.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – No Predominance of Common Questions)**

24. Plaintiff's action is not proper for class action certification pursuant to FRCP 23 as the questions of law and/or fact common to the purported class do not predominate over questions affecting individual members of the purported class.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – Not Adequate Representatives)**

25. Plaintiff's action is not proper for class action certification pursuant to FRCP 23 because Plaintiff is not an adequate class representative and Plaintiffs' Counsel would not be adequate counsel for any proposed class.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Class Action Not Superior)**

26. Plaintiff's action is not proper for class action certification pursuant to FRCP 23 because class action treatment is not superior to individual resolution of claims arising under Defendant's various mortgage loans.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – Not a Member of the Class)**

27. Plaintiff's action is not proper for class action certification pursuant to FRCP 23 because Plaintiff is not a member of the class he seeks to represent and cannot adequately represent its interests.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – Variations in State Law)**

28. Plaintiff's action is not proper for class action certification pursuant to FRCP 23 because variations in state law make class treatment inappropriate.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Absence of Indispensable Parties)**

29. The Complaint and each claim therein are barred pursuant to FRCP 19 to the extent that Plaintiff seeks adjudication of the claims of absent parties, relief based upon the claims of absent

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

parties, and/or remedies or judgment in favor of absent parties over whom this Court has no jurisdiction.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Ratification)**

30. The Complaint and each claim therein are barred because Defendant did not ratify any alleged misconduct on the part of independent brokers.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(No Duty Regarding Suitability)**

31. To the extent some or all of the Plaintiff's claims are based on the premise that Defendant had a duty, fiduciary or otherwise, or any other obligation to determine whether its loans were "suitable" for individual borrowers, such claims fail to state a cause of action. No such duty existed for some or all of the loans, and Defendant was not, and never was a fiduciary of Plaintiff or the purported class members.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Mutually Exclusive Remedies)**

32. By statute, Plaintiff may not recover under both the Fair Housing Act, 42 U.S.C. Secs. 3601, et seq. and the Equal Credit Opportunity Act, 15 U.S.C. Secs. 1691, et seq. requiring that the Court dismiss one of the claims.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

33. Plaintiff's claims for punitive damages are unconstitutional both facially and as applied to Defendant pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and applicable and analogous sections of state constitutions.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Violation of Rights to Equal Protection)**

34. Any provisions of federal law limiting the amount of punitive damages which may be awarded in specified types of cases, while permitting unlimited exemplary damages for other tortious conduct, unlawfully discriminate against defendants who are subject to unlimited exemplary

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

damage awards, such as Defendant, in favor of defendants not subject to unlimited exemplary damage awards. Such discrimination violates the Fifth and Fourteenth Amendments of the United States Constitution, and applicable and analogous sections of state constitutions.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process)**

35. Any application of federal law permitting an award of exemplary damages in this action is vague, imprecise and inconsistent and in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable and analogous sections of state constitutions.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Provide Notice of Grievance)**

36. Plaintiff is barred from this suit because he failed to provide a Notice of Grievance and reasonable opportunity for response, as required by contract, prior to commencing this action.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Submit to Arbitration)**

37. Plaintiff is barred from this suit because of a contractual agreement to submit claims to arbitration.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Political Question)**

38. Plaintiff cannot obtain the relief sought because the relief sought consists of or requires this Court's determination of political questions reserved for the Executive and Legislative branches of government.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Class Action Improper – Not Ascertainable)**

39. Plaintiff's action is not proper for class action certification pursuant to FRCP 23 because the putative membership in any such class cannot be readily ascertained.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FORTIETH AFFIRMATIVE DEFENSE**

**(Reservation of Rights and Additional Defenses)**

40. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate, and also reserves any and all defenses applicable to any class member, in the event any court certifies any class in this or any related or consolidated action, and further reserves any and all defenses applicable to Plaintiff's qualifications or adequacy as the representative of any such class.

**WHEREFORE** Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. That no class be certified in this action;
3. For its costs of suit herein;
4. For its attorneys' fees according to proof; and
5. For such other and further relief as this Court may deem just and proper.

DATED: May 15, 2008

REED SMITH LLP

By . /s/
Mark S. Melodia
Tyree P. Jones, Jr.
Attorneys for Defendant
DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware