Tyree P. Jones, Jr. (SBN 127631)
tpjones@reedsmith.com
David S. Reidy (SBN 225904)
dreidy@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:   (415) 543-8700
Facsimile:    (415) 391-8269

Mark S. Melodia  Appearing Pro Hac Vice
mmelodia@reedsmith.com
Paul J. Bond
pbond@reedsmith.com
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Telephone:   (609) 520-6015
Facsimile:    (609) 951-0824

Attorneys for Defendant
FIRST FRANKLIN FINANCIAL
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST FRANKLIN FINANCIAL CORP.,<br><br>Defendant. | Case No.: C 08-01515 JW<br><br>**REQUEST FOR RECONSIDERATION OF ORDER RELATING CASES AND FOR CONSIDERATION OF OPPOSITION OF DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION  TO MOTION TO RELATE CASES**<br><br>Complaint filed:    March 19, 2008<br><br>*Honorable James Ware* |

— 1 —

DOCSSFO-12491345.1-DSREIDY

Defendant First Franklin Financial Corporation ("First Franklin") hereby requests that this Court reconsider its Orders granting the administrative motion ("Motion") of plaintiffs in *Sierra v. First Franklin Financial Corporation*, Case No. 08-cv-2735-RS ("*Sierra*"), to relate the *Sierra* action to this action, and submits this Opposition to the Motion.

### A.   Service of the Motion Was Not Proper

First Franklin submits that this Court can and should reconsider its Orders granting Plaintiffs' Motion and should consider First Franklin's Opposition to the Motion set forth herein. *See Smith v. Massachusetts*, 543 U.S. 462, 475 (2005) (recognizing district courts' inherent power to reconsider and modify orders). Reconsideration is justified when a court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Here, First Franklin did not have an opportunity to oppose the motion because the Motion was procedurally defective and not properly served. Therefore, First Franklin requests reconsideration of the Motion.

Pursuant to Local Rule 3-12, which governs administrative motions to relate cases, a party moving for an order relating cases must accompany the motion with a stipulation requesting the judicial action "signed by *all affected parties or their counsel*," or by "a declaration that explains why a stipulation could not be obtained." L.R. §§ 7-12 (emphasis added); 7-11. In addition, a copy of the motion, together with proof of service … must be served on *all known parties to each apparently related action*." L.R. 3-12 (emphasis added). Neither requirement was met here, and the Motion is therefore defective. *See Atchison, Topeka & Santa Fe Ry. Col. V. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) (local rules have the force and effect of law so long as not inconsistent with statutes or Federal Rules).

Plaintiffs' Motion does not include a stipulation or declaration as required by the local rules. In addition, First Franklin was not served with the Motion in the *Sierra* matter, and indeed has not yet even been served with the Summons and Complaint in that case even though First Franklin's counsel agreed to accept service well in advance of the Court entering its related case Orders. *See* Declaration of Tyree P. Jones filed concurrently ("Jones Decl."), ¶ 6. Indeed, First Franklin's

counsel in this action believed that meet and confer efforts were ongoing concerning both service of the *Sierra* Complaint and consideration of this Motion.

On Friday, June 13, 2008, at approximately 4:30 p.m. (Pacific time), plaintiff's counsel Alan Plutzik of Schiffrin Barroway Topaz & Kessler LLP, left a voicemail for Reed Smith associate David Reidy. Jones Decl., ¶ 2. The voicemail message was retrieved after normal business hours over the weekend, and is transcribed verbatim as follows:

> *This is Alan Plutzik, from Schiffrin Barroway law firm, and I am calling you about the matter of Sierra vs. First Franklin and that is case number, C08-02735 RS, in the US District Court for the Northern District of California, San Jose division. We are filing an administrative motion to relate this case to the earlier filed case of Rodriguez v. First Franklin and we have not served our case yet, but we noticed that you appeared as counsel for defendant in Rodriguez case. I am calling you, first as a courtesy to make you aware of our filing and second to ask you if you would be willing to accept the service in our case. Would you please give me a call at 925 645 0200.*

First Franklin's counsel interpreted Mr. Plutzik's voicemail as an inquiry both as to whether Reed Smith would accept service of the *Sierra* Complaint and also regarding the motion to relate cases. *Id.* ¶ 3. First Franklin's counsel also believed that the message meant that Reed Smith was to confirm its representation of First Franklin in *Sierra*, and to accept service of the summons and complaint, before the motion to relate the cases would be addressed. *Id.*

On Friday, June 13, about an hour after leaving the voicemail message for Mr. Reidy, plaintiffs filed their Motion. Although an efile notice of the Motion was sent to Mr. Reidy, resident in Reed Smith's San Francisco office, the notice never reached First Franklin's counsel Tyree Jones, who is a partner resident in Reed Smith's Washington, D.C. office. *See* Declaration of David S. Reidy filed concurrently ("Reidy Decl."), ¶ 4; Jones Decl., ¶ 5. The efile notice to Mr. Jones went to the wrong email address. *Id.* ¶ 5. Thus, Mr. Jones, who is lead counsel on the case, never received notice of the Motion, and none of First Franklin's other attorneys received notice. Further, Mr. Reidy did not calendar an opposition date, and accordingly, First Franklin did not timely file an Opposition (which it intended to do had it been properly notified). Reidy Decl., ¶ 4. Based on these

facts, First Franklin therefore seeks relief from this Court's Orders relating this action with *Sierra* and seeks consideration of its opposition below.[1]

Promptly after receiving Mr. Plutzik's voicemail, on Monday, June 16, First Franklin's counsel telephoned Mr. Plutzik and left a message for him to return the call. Jones Decl., ¶ 4. Mr. Plutzik returned the call on Tuesday, June 17, whereupon Mr. Jones represented that he was authorized to accept service, and Mr. Plutzik agreed to send a service packet containing the *Sierra* Complaint and a notice of acknowledgment and receipt, and presumably the motion to relate the cases. *Id*. Reed Smith never received the materials, and First Franklin has not yet been served with the Complaint in the *Sierra* action. *Id*.

On Sunday, June 22, First Franklin learned that this Court had issued its order relating this Action to the *Sierra* matter. *Id*. ¶ 5. Mr. Jones was not aware at that time that the motion had been filed, and a review of the Court's docket disclosed that the email address listed for him was an email address that he has not used in over five (5) years. *Id.* at ¶ 6. As a result of this clerical error, Mr. Jones never received an efiling notification of the motion to relate cases. *Id*.

As the Certificate of Service on the Motion also confirms, First Franklin was not served with the Motion in the *Sierra* matter. *See* Doc. No. 10. In light of the confusion caused by Mr. Plutzik's message, and the issues concerning service of First Franklin in the *Sierra* matter, Mr. Jones contacted Plaintiffs' counsel Mr. Plutzik on Monday, June 23, 2008, to ask if Plaintiffs would stipulate to allowing First Franklin to file an opposition to the motion to relate cases. Jones Decl., ¶ 6. As of this filing, Reed Smith has not received a response from Plaintiffs' counsel.

**B.    *Sierra* and *Rodriguez* Should Not Be Related**

The allegations of the Complaints on file in this action and in *Sierra*, demonstrate that the cases fail to meet the standard of being "related," as set forth in Local Rule 3-12(a). Although both Complaints allege discrimination in mortgage lending by First Franklin, and assert claims on behalf

---

[1] To the extent electronic notice received by Mr. Reidy was not properly calendared, First Franklin submits that this should be deemed excusable error given the confusion caused by Mr. Plutzik's voicemail regarding service of the *Sierra* Complaint, and in light of Mr. Jones' belief that Mr. Plutzik was calling to discuss both the motion and service of process, to which Mr. Jones promptly responded. *See* Fed. R. Civ. Proc. 60(b)(1) (allowing for relief from a court order upon a showing of excusable neglect).

of a putative class under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq.*, and the Fair Housing Act ("FHA"), 42 U.S.C. §3601, *et seq.*, determining whether defendant violated these statutes requires scrutiny of the plaintiffs' individual residential mortgage loan transactions, which precludes a finding that the matters are related.

Pursuant to Local Rule 3-12, cases are deemed related only when they concern "substantially the same parties, property, transaction or event"; and it appears likely that conducting the cases before different judges will result in "unduly burdensome duplication of labor and expense or conflicting results." L.R. 3-12(a). Those elements are not met here.

Plaintiffs in both actions are not only different parties, but are located in different geographical regions of the country: Francisco Rodriguez resides in California (*Rodriguez* Complaint, ¶ 9), while plaintiffs in the *Sierra* action reside in Massachusetts and Illinois, respectively (*Sierra* Complaint, ¶¶ 14-15). Consequently, the actions do not involve the same parties, properties, transactions or events. *See* L.R. 3-12(a). Moreover the nature of mortgage transactions also weighs against relating the cases: plaintiffs in these actions have different credit histories, and their respective transactions involve different loan-to-value and debt-to-income ratios, as well as different agreements plaintiffs entered into with different brokers (*see, e.g.*, Sierra Complaint, ¶ 68). Indeed, the only elements in common between the two actions are the defendant, First Franklin, and Plaintiffs' counsel. If these cases are deemed related notwithstanding the different parties, transactions and properties involved, it follows that any case alleging that First Franklin violated the ECOA or the FHA, would also be related. The Local Rule is far more circumscribed, however, and does not permit this result. *See* L.R. 3-12(a).

Given the different transactions at issue, First Franklin believes that there will not be any undue duplication of labor or expense, or any danger of conflicting results, if these cases are conducted before different judges. *See* L.R. 3-12(a)(2). Accordingly, the matters should not be related.

///

///

///

OPPOSITION TO MOTION TO CONSIDER CASES RELATED

DOCSSFO-12491345.1-DSREIDY

C. **Conclusion**

First Franklin respectfully requests that this Court reconsider its Order relating this action to the *Sierra* matter, and submits that the cases should not be related.

DATED: June 23, 2008

                               REED SMITH LLP

                               By /s/
                                   Mark S. Melodia
                                   Tyree P. Jones, Jr.
                                   David S. Reidy
                                   Attorneys for Defendant
                                   FIRST FRANKLIN FINANCIAL CORP.