**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Francisco Rodriguez,

Claudia Sierra, et al.,

    Plaintiffs,

  v.

First Franklin Financial Corp.,

    Defendant.

NO. C 08-01515 JW
NO. C 08-02735 JW

**ORDER GRANTING MOTION TO CONSOLIDATE; APPOINTING INTERIM LEAD COUNSEL; CONTINUING CASE MANAGEMENT CONFERENCE**

Presently before the Court is Plaintiff's Motion to Enter Proposed Pre-Trial Order No. 1.[1] Plaintiff's Motion seeks the following: (1) Consolidation of this action with the related action <u>Sierra v. First Franklin Financial Corp.</u>, C 08-2735 JW; (2) Appointment of Interim Co-Lead Counsel, Liaison Counsel and an Executive Committee to oversee the prosecution of the proposed consolidated action; (3) Adoption of procedures for identifying future related cases and consolidating those cases with this action; and (4) "Miscellaneous" orders from the Court concerning evidence preservation and the conduct of counsel. To date, there is no opposition from Defendant. The Court found it appropriate to take the matter under submission without oral argument. <u>See</u> Civ. L.R. 7-1(b).

The Court considers each of the issues raised by Plaintiff's Motion in turn.

---

[1] (Notice of Motion and Motion to Enter Proposed Pre-Trial Order No. 1 and Memorandum in Support Thereof, hereafter, "Motion," Docket Item No. 38.)

**A.     Consolidation**

On March 19, 2008, Plaintiff brought this putative class action alleging that First Franklin Financial Corporation ("Defendant") violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*. (See Docket Item No. 1.) On June 20, 2008, the Court granted a motion to relate this action with the Sierra action. (See Docket Item No. 11.) Plaintiff moves for consolidation of the two actions.

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

Here, in reviewing the Complaints filed in the related actions, the Court finds that the two cases involve virtually identical factual and legal issues. The core issue of both cases is whether Defendant's used discretionary fees and interest rates to discriminate against racial minorities in violation of the ECOA and FHA. Further, as both cases are putative class actions, the issues concerning class certification will be substantially duplicative. Given these similarities and the lack of any apparent inconvenience, delay, or expense that would result from bringing the cases together, the Court finds that consolidation of the related cases is appropriate. Accordingly, the Court GRANTS Plaintiff's request to consolidate this action with the related Sierra action.

**B.     Appointment of Interim Co-Lead Counsel, Liaison Counsel and Executive Committee**

Plaintiff contends that two law firms–Bonnett Fairbourn Friedman & Balint, P.C. and Roddy Klein & Ryan–should be appointed Co-Lead Interim Class Counsel, a separate law firm–Chavez & Gertler, LLP–should be appointed Interim Liaison Counsel, and two law firms–Chavez & Gertler LLP and Barroway Topaz Kessler Meltzer & Check, LLP–should be appointed as an Interim Executive Committee to oversee the prosecution of this litigation. (Motion at 6.)

Under Fed. R. Civ. P. 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In this case, the

2

1 Court finds the appointment of four separate law firms under the leadership structure proposed by
2 Plaintiff would not further the interests of the putative class.  Accordingly, the Court appoints
3 Bonnett Fairbourn Friedman & Balint, P.C., as the most adequate Interim Lead Counsel for the
4 consolidated action.

**C.   Consolidation of Potentially Related Cases**

Plaintiff seeks an order establishing a protocol for consolidating all future actions that are related to this action.  (Proposed Pre-Trial Order No. 1 at 4-5, hereafter, "Proposed Order," Docket Item No. 38.)  The Court declines to enter such an order at this time because the anticipation of "future" litigation is premature.  Further, it is the Court's practice to evaluate each case individually before making a determination of relatedness prior to consolidation.  Accordingly, the Court DENIES Plaintiff's request to issue an order concerning potentially related future actions.

**D.   Evidence Preservation and "Miscellaneous" Issues**

Plaintiff seeks an order, *inter alia*, reminding the parties of their duty to preserve evidence that may be relevant to this action, directing counsel for all parties to cooperate and requiring Plaintiff's counsel to submit a record of time expended on this matter on a monthly basis.  (Proposed Order at 5-6.)  The Court finds Plaintiff's proposed orders are unnecessary.  The Federal Rules already require the parties to preserve potentially relevant evidence, and Plaintiff does not provide an adequate basis for requesting these "Miscellaneous"orders.  Accordingly, the Court DENIES Plaintiff's request to issue an order concerning Evidence Preservation and other "Miscellaneous" issues.

**E.   Conclusion**

In sum, the Court orders as follows:

(1)   The related putative class actions–C 08-01515 JW and C 08-02735 JW–are consolidated.  The Clerk shall consolidate these actions such that the earlier filed action, C 08-01515 JW, is the lead case.  All future filings shall be filed in C 08-01515 JW and bear the caption: "<u>In re First Franklin Financial Corp. Litigation.</u>"  In addition, the Clerk shall administratively close C 08-02735 JW.

3

(2) Bonnett Fairbourn Friedman & Balint, P.C. is appointed Interim Lead Counsel for the consolidated action.

(3) In light of this Order, the Court VACATES the hearing set for January 16, 2009. The Court also continues the Case Management Conference to **February 9, 2009 at 10 a.m.** because the parties have failed to file a Joint Case Management Statement. On or before **January 30, 2009**, the parties shall file a Joint Case Management Statement. The Statement shall include, among other things, a good faith discovery plan with a proposed date for the close of discovery.

Dated: January 14, 2009

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Roth Plutzik aplutzik@bramsonplutzik.com
Andrew S. Friedman afriedman@bffb.com
Coty Rae Miller cmiller@csgrr.com
David S. Reidy dreidy@reedsmith.com
Edward W. Ciolko eciolko@btkmc.com
John J. Stoia jstoia@csgrr.com
Joseph A Weeden jweeden@sbtklaw.com
Joseph H. Meltzer jmeltzer@btkmc.com
Lisa Diane Fialco lisa@chavezgertler.com
Mark Andrew Chavez mark@chavezgertler.com
Nance Felice Becker nance@chavezgertler.com
Theodore J. Pintar TedP@csgrr.com
Tyree P. Jones tpjones@reedsmith.com
Wendy Jacobsen Harrison wharrison@bffb.com


**Dated: January 14, 2009**                              **Richard W. Wieking, Clerk**


                                                          **By:       /s/ JW Chambers            **
                                                                 **Elizabeth Garcia**
                                                                 **Courtroom Deputy**

**United States District Court**
For the Northern District of California