IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re First Franklin Financial Corp. Litigation. | NO. C 08-01515 JW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED AND CONSOLIDATED CLASS ACTION COMPLAINT** |

Presently before the Court is Plaintiffs' Motion for Leave to File an Amended and Consolidated Class Action Complaint. (hereafter, "Motion," Docket Item No. 56.) Francisco Rodriguez, Claudia P. Sierra, and Lillian Sergenton (collectively, "Plaintiffs") bring this putative class action against First Franklin Financial Corporation ("Defendant") alleging violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA") and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"). Plaintiffs allege that Defendant discriminated against them in setting the terms of their mortgage loans.

Plaintiffs move for leave to substitute Emma J. Allen for Plaintiff Lillian Sergenton as a Plaintiff and proposed class representative. Plaintiffs also move for leave to amend on the ground that discovery has revealed that First Franklin Financial Corporation, Merrill Lynch & Co., Inc., Merrill Lynch Bank & Trust Co., FSB, Merrill Lynch Mortgage Services Corporation, First Franklin Mortgage Corporation and Home Loan Services[1] are all engaged in a single, common and vertically-

---

[1] The newly proposed Defendants are collectively referred to as the "Merrill Lynch Defendants."

integrated business enterprise that violated ECOA and FHA. (Motion at 5.) Thus, Plaintiffs seek to add these entities as Defendants.

The Court found it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Plaintiffs' Motion to Amend.

**A.   Background**

On March 19, 2008, Plaintiff Rodriguez brought this putative class action alleging that First Franklin Financial Corporation violated ECOA and the FHA. (See Docket Item No. 1.) On May 30, 2008, Plaintiffs Sierra and Sergenton filed a nearly identical action against First Franklin Financial Corporation. (See Docket Item No. 11.) On June 20, 2008, the Court granted a motion to relate this action with the Sierra action. (See Id.) On January 14, 2009, the Court consolidated the two actions. (See Docket Item No. 43.)

**B.   Discussion**

Plaintiffs contend that an amended Complaint is necessary in light of newly discovered evidence. (Motion at 2.) Defendant does not object to substituting Emma J. Allen for Lillian Sergenton. However, Defendant contends that leave to amend to add the Merrill Lynch Defendants would be futile on the grounds that: (1) Plaintiffs' Motion is barred by a two year statute of limitations for ECOA and FHA claims, (2) the Merrill Lynch Defendants are not "creditors" under ECOA, and (3) the Merrill Lynch Defendants did not enter into "real estate-related transactions" under the FHA with Plaintiffs. (Defendants Opposition to Plaintiffs Motion for Leave to Amend, hereafter, "Opposition," Docket Item No. 60.)

When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. P. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." Keniston, 717 F.2d at 1300. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d

1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

However, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of the other factors. See Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300. The burden of showing prejudice rests on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

An amendment to a pleading is "futile" when "the amended complaint would be subject to dismissal." See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment should be denied as futile only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim. Sweaney v. Ada County, Idaho, 119 F .3d 1385, 1393 (9th Cir.1997). However, a party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal. Roth v. Garcia Marquez, 942 F.2d 617, 629 (9th Cir. 1991).

With respect to whether Plaintiffs' proposed amendments are barred by the statute of limitations, ECOA establishes a two year statute of limitations, starting on the date of the occurrence of the violation. 15 U.S.C. § 1691e(f). Similarly, the FHA has a two year statute of limitations, beginning at the occurrence or termination of an alleged discriminatory housing practice. See 42 U.S.C. § 3613(a)(1)(A). Plaintiffs' proposed amendments allege that the Merrill Lynch Defendants have engaged in continuing violations. (Proposed Amended Complaint ¶ 153, Docket Item No. 58.)

1   While Defendants contend that Plaintiffs' proposed amendments are not covered by the continuing
2   violations doctrine, the Court finds that further briefing on this issue is necessary.[2]

3   With respect to whether Plaintiffs can adequately state a claim against the Merrill Lynch
4   Defendants under ECOA and the FHA, ECOA prohibits "any creditor" from discriminating against
5   any applicant, with respect to any aspect of a credit transaction on the basis of, *inter alia*, race or
6   national origin. 15 U.S.C. § 1691(a). ECOA defines the term "creditor" as "any person who
7   regularly extends, renews, or continues credit; any person who regularly arranges for the extension,
8   renewal, or continuation of credit; or assignee of an original creditor who participates in the decision
9   to extend, renew, or continue credit." 15 U.S.C. 1691a(e). Under the FHA, any person or business
10  entity may not discriminate against any person on the basis of, *inter alia*, race, or national origin
11  when engaging in "residential real estate-related transactions." 42 U.S.C. 3605(a). A "residential
12  real estate-related transaction" means the "making or purchasing of loans . . . for purchasing, . . . or
13  maintaining a dwelling; or secured by residential real estate." 42 U.S.C. 3605(b).

14  Upon review of Plaintiffs' proposed Amended Complaint and the papers submitted to date,
15  the Court finds that it is not beyond doubt that Plaintiffs may be able to state a claim against the
16  Merrill Lynch Defendants based on the circumstances alleged. As discussed above, further timely
17  briefing from the parties is necessary for the Court to fully consider the issues raised by the parties.
18  Thus, in light of Defendants' failure to show that it would be prejudiced if Plaintiffs are granted
19  leave to amend, the Court finds leave to amend appropriate. Defendants will have an opportunity to
20  bring appropriate motions to challenge the Amended Complaint on the merits.

---

[2] The Court notes that, pursuant to a stipulation filed by the parties, but that was never granted by the Court, Plaintiffs did not timely file their Reply to Defendants' Opposition in accordance with the Civil Local Rules.

4

**C.      Conclusion**

The Court GRANTS Plaintiffs' Motion for Leave to File an Amended and Consolidated Class Action Complaint. On or before **May 15, 2009**, Plaintiffs shall file their Amended Complaint as a separate docket entry.

In light of this Order, the May 11 hearing on Plaintiffs' Motion is VACATED.

Dated:  May 6, 2009

JAMES WARE
United States District Judge

5

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Roth Plutzik aplutzik@bramsonplutzik.com
Andrew S. Friedman afriedman@bffb.com
Charles Delbaum cdelbaum@nclc.org
Coty Rae Miller cmiller@csgrr.com
David S. Reidy dreidy@reedsmith.com
Donna Siegel Moffa dmoffa@btkmc.com
Edward W. Ciolko eciolko@btkmc.com
Gary Edward Klein Klein@roddykleinryan.com
John J. Stoia jstoia@csgrr.com
Joseph A Weeden jweeden@sbtklaw.com
Joseph H. Meltzer jmeltzer@btkmc.com
Lisa Diane Fialco lisa@chavezgertler.com
Mark Andrew Chavez mark@chavezgertler.com
Nance Felice Becker nance@chavezgertler.com
Peter Anthony Muhic pmuhic@btkmc.com
Theodore J. Pintar TedP@csgrr.com
Tyree P. Jones tpjones@reedsmith.com
Wendy Jacobsen Harrison wharrison@bffb.com

**Dated: May 6, 2009**                             **Richard W. Wieking, Clerk**


                                                    **By:     /s/ JW Chambers
                                                         Elizabeth Garcia
                                                         Courtroom Deputy**