**United States District Court**
For the Northern District of California

1 **\*\*E-filed July 15, 2009 \*\***

2

3

4

5

6

7 NOT FOR CITATION

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 SAN JOSE DIVISION

11 In re First Franklin Financial Corp. Litigation          No. C08-01515 JW (HRL)

12                                                          **ORDER GRANTING IN PART AND
                                                             DENYING IN PART PLAINTIFFS'**
13                                                          **MOTION FOR PROTECTIVE ORDER**

14                                                          **[Re: Docket No. 78]**

15 _____/

16          Plaintiffs Francisco Rodriquez, Claudio Sierra, and Emma Allen bring a putative class action

17 on behalf of minority homeowners who secured residential mortgage loans from First Franklin

18 Financial Corporation ("First Franklin").[1]  Plaintiffs do not challenge defendant's underwriting

19 decisions, which they concede were made objectively and appropriately based on an evaluation of

20 risk.  That is, this suit has nothing to do with First Franklin's decision to fund a loan.  Instead,

21 plaintiffs say it involves defendant's policy that permitted loan brokers who originated the loan

22 applications to subjectively add on certain fees, "points," or markups (hereafter: "fees") payable to

23 themselves.  Allegedly, the types and amounts of the fees were imposed at the sole discretion of the

24 loan brokers (subject to certain ceilings imposed by defendant) and bore little or no relationship to

25 the value of the services performed by the loan brokers.  And, allegedly—this being the crux of

26 plaintiffs' claim—the minority borrowers paid higher fees than white borrowers.  In short, First

27 Franklin's facially neutral policy turned loose disparate impact discrimination.

28

_____

[1] Certain affiliated entities are also named.

**United States District Court**
For the Northern District of California

1    With the deposition of the named plaintiffs upcoming, their attorney has moved for a

2    protective order to exclude certain topics from their testimony: (1) tax information, (2) income

3    information from all sources, (3) all debts of any kind, (4) all assets other than real estate, and (5) all

4    efforts to "resolve" personal financial problems.  Defendant opposes the motion.

5                                          **LEGAL STANDARD**

6           The federal rules provide for liberal discovery.  As a result, a party may discover any matter

7    relevant to a claim or defense.  Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is also

8    construed more broadly than it is for trial; "[r]elevant information need not be admissible at the trial

9    if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

10   Nevertheless, upon a showing of good cause, the court may limit the scope of discovery "to protect

11   a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.

12   R. Civ. P. 26(c).  The party seeking to limit its disclosures through a protective order has the burden

13   of showing good cause.  *Blankenship v. Hearst*, 519 F.2d 418 (9th Cir. 1975).

14                                            **DISCUSSION**

15          Named plaintiffs believe that the proper scope of their deposition examination does not

16   extend beyond defendant establishing that they were minority borrowers from defendant and that

17   they paid discretionary fees and costs to their loan broker.  Since plaintiffs' counsel says that the

18   case will be proven by expert evaluation of statistical data, each named plaintiff should not be

19   required to say more, in effect, than name, rank, and serial number.  Any other area of inquiry, says

20   plaintiffs' counsel, would be irrelevant, and defendant has no good reason to delve into the named

21   plaintiffs' personal finances.  By this, of course, counsel is urging that defendant should not be able

22   to go into the accuracy of the information on each borrower's mortgage loan application because the

23   defendant's decision to make the loan is unrelated to the only issue in this suit: defendant's

24   acquiescence in allowing loan brokers to pile on undeserved fees.

25          Not unexpectedly, defendant's view is to the contrary.  The defendant says that wide-ranging

26   exploration of a plaintiff's financial bill of health as well as the accuracy of information apparently

27   given by plaintiff to the loan broker are relevant to (1) the merits of the case, (2) plaintiffs'

28   ///

**United States District Court**
For the Northern District of California

1   credibility, (3) plaintiffs' suitability as class representatives, and (4) whether there is sufficient

2   commonality and typicality among the putative class members to support class certification.

3   As to the merits of the case, and despite defense counsel's seductively smooth argument,

4   with one exception the court is not convinced that the deposition topics that plaintiffs are trying to

5   keep off the table bear on the merits.  (Actually, depending on how broadly one were to define the

6   five topics that are candidates for a protective order, this "exception" may not even be included in

7   them.)   The exception is the conversations between a named plaintiff and his or her loan broker.

8   Those could be relevant to the merits.  But, in any event, plaintiffs' counsel is on record as saying he

9   is not opposed to that exact area of inquiry.  (As this court understands it, he wants to avoid

10  questions about the accuracy of information or representations exchanged between plaintiffs and

11  their brokers, but not questions about what was actually said.)

12  As for credibility, it certainly is possible that inquiry into a plaintiff's "true" financial bill of

13  health may reveal apparent misstatements or omissions on the mortgage loan application.

14  Defendant argues that credibility is always an issue, and it should be permitted to pursue this line in

15  deposition.  Plaintiffs' counsel counters that credibility, at least as revealed in a mortgage loan

16  application that may have been prepared by the loan broker and contain information that the broker

17  chose to put on it, does not play a significant role in this lawsuit.  (First Franklin acknowledges

18  specializing in loans to less creditworthy borrowers, from whom it obtains a commensurately higher

19  rate of interest.)  In the overheated mortgage loan market existing when the loans in question were

20  apparently originated (with lenders beating the bushes looking for almost anyone to become a

21  borrower), a scrupulous attention to accuracy in an application may not always have been at the top

22  of everyone's list of priorities.  While plaintiffs make a valid point (and may well convince Judge

23  Ware), this court is not prepared to say that credibility can have no part in this lawsuit.

24  As for a plaintiff's suitability to be a class representative, this court recognizes that

25  defendant will be interested in developing any and all factual differences between the named

26  plaintiffs, and an imaginative counsel could fashion a host of distinguishing factors.  For example,

27  what about differences in the financial sophistication of borrowers, or whether the property is

28  owner-occupied or not, or whether the loan package was shopped to other lenders as well and—if

**United States District Court**
For the Northern District of California

the borrower had a choice—why was First Franklin selected?  Did individual borrowers make individual choices that might explain differences in add-on fees?  On a refinanced mortgage, did they take any money out?  And, so on.

On the subject of class certification, defendant is probably hopeful that probing the factual distinctions between named plaintiffs, as suggested in the just-preceding paragraph, may ultimately be sufficiently compelling to convince Judge Ware that claims of the members of the proposed class lack the requisite commonality and typicality for class treatment.  Naturally, plaintiffs' counsel argues that any distinctions that defendant may try to draw are distinctions without a difference, and counsel may well be right.  At least, counsel may convince Judge Ware that they are correct.  This court is not prepared to rule as a matter of law that they could make no difference.

Plaintiffs argue that, if the areas of inquiry they want to avoid are allowed, they will be subjected to harassment and intimidation.  However, they fail to try to explain why that would be so, and seem to assume the reason for their concern is self-evident.  This court could speculate about possible problems, but is unpersuaded on the record presented.  In balancing the legitimate interests of the named plaintiffs with those of the defendant, this court comes to the following conclusion on this motion for a protective order:

1.  A protective order is GRANTED as to tax information;

2.  A protective order is DENIED with respect to any and all conversations and exchanges of information between named plaintiff and his or her loan broker; and

3.  A protective order is DENIED as to income, debts, other assets, and efforts to "resolve" financial problems.  Specifically, the court will permit inquiry into the accuracy and completeness of information on the loan application or furnished to the loan broker.  However, this entire area of questioning shall be covered in a single block of time not to exceed one hour.

**IT IS SO ORDERED.**

Dated:  July 15, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  **C 08-01515 Notice will be electronically mailed to:**

2  | Alan Roth Plutzik | aplutzik@bramsonplutzik.com |
   | Andrew S. Friedman | afriedman@bffb.com, ngerminaro@bffb.com, rcreech@bffb.com |
3  | Charles Delbaum | cdelbaum@nclc.org |
   | Coty Rae Miller | cmiller@csgrr.com |
4  | David S. Reidy | dreidy@reedsmith.com, ccadon@reedsmith.com, vfedoroff@reedsmith.com |
5  | Donna Siegel Moffa | dmoffa@btkmc.com |
   | Edward W. Ciolko | eciolko@btkmc.com, dmoffo@btkmc.com, kmarrone@btkmc.com |
6  | Gary Edward Klein | Klein@roddykleinryan.com, kavanagh@roddykleinryan.com, mcclay@roddykleinryan.com, pereira@roddykleinryan.com |
7  | John J. Stoia , Jr | jstoia@csgrr.com |
   | Joseph A Weeden | jweeden@btkmc.com |
8  | Joseph H. Meltzer | jmeltzer@btkmc.com, eciolko@btkmc.com, gwells@btkmc.com, kmarrone@btkmc.com, rgray@btkmc.com |
9  | Lisa Diane Fialco | lisa@chavezgertler.com, jenna@chavezgertler.com |
   | Mark Andrew Chavez | mark@chavezgertler.com, cate@chavezgertler.com |
10 | Nance Felice Becker | nance@chavezgertler.com, cate@chavezgertler.com |
   | Peter Anthony Muhic | pmuhic@btkmc.com, jsjohnson@btkmc.com |
11 | Theodore J. Pintar | TedP@csgrr.com |
   | Tyree P. Jones , Jr | tpjones@reedsmith.com, mmelodia@reedsmith.com, nbridgewater@reedsmith.com, scaraballo@reedsmith.com |
12 | Wendy Jacobsen Harrison | wharrison@bffb.com, kvanderbilt@bffb.com, rcreech@bffb.com |

13

14  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

15

16

17

18

19

20

21

22

23

24

25

26

27

28