** E-filed August 27, 2009 **

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re First Franklin Financial Corp. Litigation | No. C08-01515 JW (HRL) |
| | **ORDER DENYING DEFENDANT FIRST FRANKLIN FINCANCIAL CORPORATION'S MOTION TO JOIN MORTGAGE BROKERS AS NECESSARY PARTIES** |
| | [Re: Docket No. 93] |

Plaintiffs Francisco Rodriguez, Claudia Sierra, and Emma Allen sued First Franklin Financial Corporation ("First Franklin")[1] for themselves and on behalf of a putative class of minority homeowners with residential mortgage loans from First Franklin. They allege that First Franklin created and executed a policy that allowed mortgage brokers to add subjective fees and interest rate markups (also known as "yield-spread premiums") to the mortgage after First Franklin made an objective, risk-based loan qualification decision. They claim that First Franklin's authorization of this facially-neutral policy caused minority applicants to have higher-cost loans than similarly situated white applicants and resulted in disparate impact discrimination.

First Franklin now moves to join the plaintiffs' three individual mortgage brokers—L.E.S., Inc.; Mortgage Trust Group, Inc.; and Sterling Financial Mortgage Corp.—as necessary parties to the litigation under Rule 19 of the Federal Rules of Civil Procedure. The plaintiffs oppose the

///

---
[1] Certain affiliated entities are also named.

motion. Upon consideration of the moving papers and the arguments of counsel at the motion hearing, this court DENIES First Franklin's motion.

## LEGAL STANDARD

The Federal Rules require that "necessary" parties to litigation must be joined if feasible. A party is necessary if it claims an interest in the litigation such that the party's absence will impair or impede its ability to protect that interest or will leave it subject to a substantial risk of inconsistent or multiple obligations. Fed. R. Civ. P. 19(a)(1)(B). A party is also necessary if the court cannot provide "complete relief among existing parties" where the party remains absent. Fed. R. Civ. P. 19(a)(1)(A). This prong considers whether the court can provide "consummate rather than partial or hollow relief as to those *already* parties" to the litigation. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (emphasis added). Only where a court finds that a party is "necessary" to the litigation will it then consider whether that party is also "indispensible" such that the litigation cannot continue without its joinder. *See Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n.5 (9th Cir. 2004).

## DISCUSSION

**A.  Rule 19(a)(1)(B): Protection of Interests**

First Franklin argues that the plaintiffs' mortgage brokers are necessary parties because they have contractual interests in this litigation. It says that the plaintiffs negotiated directly with the brokers to pay for their services using post-qualification fees and yield-spread premiums as permitted by First Franklin's contracts with the brokers. Nevertheless, the brokers have not themselves asserted any interest in this litigation. In the Ninth Circuit, a prerequisite for joinder under Rule 19(a)(1)(B) is that the absent party actually *claim* its own interest. *United States v. Bowen*, 172 F.3d 682, 688–89 (9th Cir. 1999). Because the three brokers here have not claimed any interest in the litigation on their own, First Franklin's attempt to assert it on their behalf is not sufficient for joinder purposes under the law of this circuit.[2] Accordingly, the brokers are not necessary parties under this prong of Rule 19.

---

[2] First Franklin's reliance on an order from a district court outside of this circuit is unavailing. (*See* Jones Decl. Ex. H.) The order was not decided using Ninth Circuit precedent and does not indicate whether the brokers claimed their own interest.

United States District Court
For the Northern District of California

**B.      Rule 19(a)(1)(A): Complete Relief**

First Franklin asserts that the brokers are also necessary parties because it argues that the court cannot provide plaintiffs with complete relief in their absence. It claims that the plaintiffs are, in essence, disputing the amount of money they negotiated to pay their third-party brokers. As a result, it says, the question of causation of discrimination—and ultimately liability—requires an inquiry into the brokers' actions and whether the brokers earned their compensation. It also contends that the court would need to examine the brokers' contractual relationships with both plaintiffs and First Franklin as the plaintiffs' requested remedies require rescission of existing loan and pricing agreements. It further suggests that the brokers would need to participate in any injunctive relief. First Franklin argues that a court cannot fashion meaningful relief without taking these issues into consideration, and that such consideration requires the brokers' joinder.

Plaintiffs counter that they are not seeking any remedy from the brokers in their complaint and are not trying to rescind any broker agreements. Instead, they say that they only want to recover from First Franklin the disparity between what they paid for their loans and what similarly situated white borrowers paid. Plaintiffs assert that First Franklin can provide complete relief because their complaint only challenges the creation and execution of a policy over which the brokers had no authority. They say that the policy increased the amount the plaintiffs paid to First Franklin through larger mortgage principals or higher interest rates, and that their requested remedies focus only on this benefit to First Franklin. Plaintiffs also claim that the brokers would not need to participate in any injunctive relief that merely prevented First Franklin from continuing a discriminatory policy.[3]

The question under this prong of Rule 19 asks if the party's absence would preclude the court from "fashioning meaningful relief as between the parties." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d at 879. The emphasis is on whether the court can provide complete relief between *those already parties* to the litigation. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d at 1043. Plaintiffs here have asked for damages, declaratory and injunctive relief, and attorneys' fees and costs. (Amended Compl. 40–41.) They are only seeking relief from First Franklin as the creator of a policy that allegedly resulted in disparate impact

---

[3] The plaintiffs note that there are no currently existing contracts between First Franklin and any mortgage brokers because First Franklin has ended all ongoing lending operations. (Opp'n 3.)

3

discrimination. Nevertheless, First Franklin argues that the court cannot fashion complete relief without rescinding the contracts the brokers have with both First Franklin and the plaintiffs. However, this court imagines that Judge Ware could fashion meaningful relief *as between the plaintiffs and First Franklin* through a calculation of the benefit that First Franklin received from post-qualification fees and yield-spread premiums and an injunction prohibiting it from continuing this particular policy. Complete relief as between the *existing* parties would therefore not require that the court specifically rescind broker agreements. The plaintiffs here have already paid their brokers, and First Franklin has not shown how any existing agreements would preclude the court from ordering it to discontinue a discriminatory policy.

Yet First Franklin is adamant that the brokers are necessary parties because it believes that the court must consider whether independent broker action, rather than its policy, was the cause of the alleged discrimination in this case. Although plaintiffs insist that the brokers' individual actions are irrelevant to the merits of their claim, if it were to turn out that the brokers' conduct was dispositive of causation, then that just means that First Franklin wins. It does not mean that the court could not fashion complete relief in the brokers' absence. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (holding that plaintiffs are not required to sue joint tortfeasors at the same time). Furthermore, any indemnity issues that might arise later between First Franklin and the brokers also do not affect whether *plaintiffs* can obtain complete relief from First Franklin alone.

The court is not convinced that the absence of the brokers in this litigation would preclude Judge Ware from fashioning complete, meaningful relief as between the plaintiffs and First Franklin. Consequently, the brokers are not parties who must be joined under Rule 19. As this court finds that the brokers are not necessary, it does not reach the parties' arguments concerning whether the brokers are indispensible. First Franklin's motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: August 27, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C 08-01515 Notice will be electronically mailed to:**

| | |
|---|---|
| Alan Roth Plutzik | aplutzik@bramsonplutzik.com |
| Andrew S. Friedman | afriedman@bffb.com, ngerminaro@bffb.com, rcreech@bffb.com |
| Charles Delbaum | cdelbaum@nclc.org |
| Coty Rae Miller | cmiller@csgrr.com |
| David S. Reidy | dreidy@reedsmith.com, vfedoroff@reedsmith.com |
| Donna Siegel Moffa | dmoffa@btkmc.com |
| Edward W. Ciolko | eciolko@btkmc.com, dmoffo@btkmc.com, kmarrone@btkmc.com |
| Gary Edward Klein | Klein@roddykleinryan.com, kavanagh@roddykleinryan.com, mcclay@roddykleinryan.com, pereira@roddykleinryan.com |
| John J. Stoia , Jr | jstoia@csgrr.com |
| Joseph A Weeden | jweeden@btkmc.com |
| Joseph H. Meltzer | jmeltzer@btkmc.com, eciolko@btkmc.com, gwells@btkmc.com, kmarrone@btkmc.com, rgray@btkmc.com |
| Lisa Diane Fialco | lisa@chavezgertler.com, jenna@chavezgertler.com |
| Mark Andrew Chavez | mark@chavezgertler.com, cate@chavezgertler.com |
| Nance Felice Becker | nance@chavezgertler.com, cate@chavezgertler.com |
| Peter Anthony Muhic | pmuhic@btkmc.com, jsjohnson@btkmc.com |
| Theodore J. Pintar | TedP@csgrr.com |
| Tyree P. Jones , Jr | tpjones@reedsmith.com, mmelodia@reedsmith.com, nbridgewater@reedsmith.com, scaraballo@reedsmith.com |
| Wendy Jacobsen Harrison | wharrison@bffb.com, kvanderbilt@bffb.com, rcreech@bffb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**