**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NO. C 08-01515 JW

| | |
|---|---|
| In re First Franklin Financial Corp. Litigation | **ORDER OVERRULING DEFENDANT FIRST FRANKLIN FINANCIAL CORPORATION'S OBJECTION TO MAGISTRATE'S ORDER DENYING MOTION TO JOIN BROKERS AS NECESSARY PARTIES** |

                                                    /

Presently before the Court is Defendant First Franklin Financial Corporation's Objections to Magistrate's Order Denying Motion to Join Brokers as Necessary Parties. (hereafter, "Objections," Docket Item No. 121.) Plaintiffs filed a timely Opposition.[1] First Franklin filed a timely Reply.[2]

A district court may modify a magistrate judge's ruling on a non-dispositive matter if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Pursuant to Civil Local Rule 72-2, a court may not grant a motion objecting to a magistrate judge's order without first giving the opposing party an opportunity to brief the matter. See Civ. L.R. 72-2.

---

[1] (See Plaintiffs' Opposition to Defendant First Franklin's Objection to Magistrate's Order Denying Motion to Join Brokers as Necessary Parties, hereafter, "Opposition," Docket Item No. 125.)

[2] (See First Franklin Financial Corporation's Reply Memorandum in Support of its Objections to Magistrate's Order Denying Motion to Join Brokers as Necessary Parties, hereafter, "Reply," Docket Item No. 126.)

**United States District Court**
For the Northern District of California

1    In this case, Defendant First Franklin Financial Corp. ("Defendant") objects to Judge Lloyd's

2 order denying Defendant's motion to join individual mortgage brokers as necessary parties to the

3 litigation under Federal Rule of Civil Procedure 19.[3]  Plaintiffs contend that Judge Lloyd's ruling

4 was correct and should not be disturbed.  (Opposition at 2.)

5    "Joinder under Fed. R. Civ. P. 19 entails a practical two-step inquiry.  First, a court must

6 determine whether an absent party should be joined as a 'necessary party' under subsection (a).

7 Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or

8 jurisdictional reasons, it must then determine under subsection (b) whether in 'equity and good

9 conscience' the action should be dismissed because the nonparty is 'indispensable.'"  Northrop

10 Corp. v. McDonnell Douglas Corp., 705 F. 2d 1030, 1042 (9th Cir. 1983).

11    The are two circumstances in which a party is "necessary" under Rule 19.  Under Rule

12 19(a)(1)(A), a party is necessary if, in that party's absence, "the court cannot accord complete relief

13 among existing parties."  In conducting this analysis, "the court asks whether the absence of the

14 party would preclude the district court from fashioning meaningful relief as between the parties."

15 See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004).

16 Alternatively, under Rule 19(a)(1)(B), a party is necessary if it "claims an interest relating to the

17 subject of the action" such that the party's absence will impair or impede its ability to protect that

18 interest or will leave it subject to a substantial risk of inconsistent or multiple obligations.  Under

19 Rule 19(a)(1)(B), joinder is improper when the absent party has not claimed an interest in the

20 litigation.[4]

21    Judge Lloyd found that "[b]ecause the three brokers here have not claimed any interest in the

22 litigation on their own, First Franklin's attempt to assert it on their behalf is not sufficient for joinder

23 purposes under the law of this circuit."  (Order Denying Joinder at 2.)  Judge Lloyd also found that

24

25    [3] (See Order Denying Defendant First Franklin Financial Corporation's Motion to Join Mortgage Brokers as Necessary Parties, hereafter, "Order Denying Joinder," Docket Item No. 117.)

26    [4] See In re Wells Fargo Residential Mortgage Lending Discrimination Litig., No. M:08-CV-
27 1930 MMC, 2009 WL 2473684, at *2 (N.D. Cal. Aug. 11, 2009) (citing United States v. Bowen, 172 F.3d 682, 688-89 (9th Cir. 1999)).

28                                                      2

**United States District Court**
For the Northern District of California

1 | complete relief between the parties would not require that the Court rescind the broker agreements

2 | because relief could be determined "through a calculation of the benefit that First Franklin received

3 | from post-qualification fees and yield-spread premiums and an injunction prohibiting it from

4 | continuing this particular policy." (Id. at 4.)  Judge Lloyd noted that Plaintiffs are seeking relief

5 | only from First Franklin, not the brokers, and that Plaintiffs are not seeking to rescind any broker

6 | agreements.  (See id. at 3-4.)

7 |      The Court finds that Judge Lloyd's determination that the Court will be able to fashion

8 | meaningful relief between the existing parties was not contrary to law or clearly erroneous.  Judge

9 | Lloyd carefully assessed that the Court could provide meaningful relief without requiring rescission

10 | of the contracts between Plaintiffs and their brokers by looking to the benefit received by Defendant

11 | First Franklin.  (See Order Denying Joinder at 4.)  The Court also finds that Judge Lloyd's

12 | determination that the brokers had not claimed an interest in the litigation was not contrary to law or

13 | clearly erroneous.[5]

14 |      Accordingly, the Court OVERRULES Defendant First Franklin Financial Corporation's

15 | Objections to Magistrate's Order Denying Motion to Join Brokers as Necessary Parties.

16 |

17 |

18 | Dated:  October 2, 2009

JAMES WARE
19 | United States District Judge

20 |

21 |

22 |

23 |

24 |

25 |     [5] First Franklin's reliance Dawavendewa and Lomayaktewa is misplaced.  (See Objections at 9-10; Dawavendewa v. Salt River Project Agric. Improvement and Power Dist., 276 F.3d 1150 (9th Cir. 2002); Lomayaktewa v. Hathaway, 520 F.2d 1324 (9th Cir. 1975).)  In Dawavendewa, the

26 | party sought to be joined claimed an interest in the litigation.  See Dawavendewa, 276 F.3d at 1156. Lomayaktewa involved a challenge to a contract, whereas this case involves a challenge to First

27 | Franklin's policies.  See Lomayaktewa, 520 F.2d at 1325.

28 |                                       3

**United States District Court**
For the Northern District of California

1 | **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 | Alan Roth Plutzik aplutzik@bramsonplutzik.com
Andrew S. Friedman afriedman@bffb.com
3 | Charles Delbaum cdelbaum@nclc.org
Coty Rae Miller cmiller@csgrr.com
4 | David S. Reidy dreidy@reedsmith.com
Donna Siegel Moffa dmoffa@btkmc.com
5 | Edward W. Ciolko eciolko@btkmc.com
Gary Edward Klein Klein@roddykleinryan.com
6 | John J. Stoia jstoia@csgrr.com
Joseph A Weeden jweeden@sbtklaw.com
7 | Joseph H. Meltzer jmeltzer@btkmc.com
Lisa Diane Fialco lisa@chavezgertler.com
8 | Mark Andrew Chavez mark@chavezgertler.com
Nance Felice Becker nance@chavezgertler.com
9 | Peter Anthony Muhic pmuhic@btkmc.com
Theodore J. Pintar TedP@csgrr.com
10 | Tyree P. Jones tpjones@reedsmith.com
Wendy Jacobsen Harrison wharrison@bffb.com

11 |

12 | **Dated:  October 2, 2009**                                      **Richard W. Wieking, Clerk**

13 |

14 |                                                               **By:     /s/ JW Chambers**
                                                                          **Elizabeth Garcia**
15 |                                                                       **Courtroom Deputy**

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |