**\*\* E-filed March 16, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re First Franklin Financial Corp. Litigation | No. C08-01515 JW (HRL) |
| _____/ | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**<br><br>**[Re: Docket No. 131]** |

Plaintiffs sued First Franklin Corporation ("First Franklin"), Merrill Lynch & Co. ("Merrill Lynch"), and other affiliated defendants on behalf of themselves and a proposed class of minority homeowners with First Franklin mortgages. Plaintiffs allege that First Franklin created and executed a policy that allowed mortgage brokers to add discretionary "fees" as well as interest rate markups (also known as "yield-spread premiums") to the mortgage after First Franklin made an objective, risk-based loan qualification decision. They claim that First Franklin's authorization of this facially neutral policy caused minority applicants to have higher-cost loans than similarly situated white applicants, resulting in disparate impact discrimination.

Plaintiffs now move to compel defendants to produce documents and testimony concerning a 2007 statistical analysis of First Franklin's loan-level data performed by KPMG that they claim defendants have improperly withheld on privilege grounds. Defendants oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court denies plaintiffs' motion.

///

**DISCUSSION**

Defendants first argue that the court should deny plaintiffs' motion on grounds that plaintiffs failed to meet and confer in advance of filing the instant motion. They assert that plaintiffs initially sought information concerning the KPMG analysis in March 2009, but then made no effort to obtain it since June 2009. They also claim that plaintiffs never raised any alleged deficiencies concerning defendants' privilege logs prior to the motion. Plaintiffs do not dispute that they did not meet and confer before filing the motion, but claim that any such effort would have been futile on account of defendants' consistent position on the issue of privilege as well as on account of the parties' earlier meet-and-confer efforts concerning defendants' failure to produce timely privilege logs.

This court's Local Rules are clear that "[t]he Court will not entertain a request or motion to resolve a disclosure or discovery dispute unless . . . counsel have previously conferred for the purpose of attempting to resolve all disputed issues." N.D. Cal. Civ. R. 37-1. Based on the record before the court, plaintiffs failed to meet this requirement. Although they may have met and conferred concerning the analysis in the spring of 2009, there is no indication that following defendants' assertion of privilege in June 2009 that plaintiffs made any further requests that would put defendants on notice of a continuing dispute.[1] There is also no evidence that plaintiffs complained to defendants in advance concerning the quality of their privilege logs. Thus, the court is unpersuaded that an attempt to meet and confer about the current dispute, as it stands today, would have been futile. Accordingly, plaintiffs' failure to meet and confer before filing the instant motion is sufficient grounds to deny their motion to compel.

Nonetheless, even if plaintiffs had properly met and conferred with defendants, they also have failed to convince the court that the information they seek is relevant under the circumstances of this case. Plaintiffs' complaint alleges disparate impact discrimination, and they have repeatedly asserted that they intend to prove their claims using statistical analysis. Yet they have not shown the court how KPMG's particular analysis, which neither side is relying upon in this case, would lead to admissible evidence to advance their claims.

///

---

[1] Judge Ware also recognized plaintiffs' failure to make any such request in his order denying in part plaintiffs' Motion to Modify the Preliminary Pretrial Schedule. (Docket No. 149.)

In their motion, plaintiffs argued that documents and testimony concerning the KPMG analysis was necessary and highly relevant for class certification purposes.  However, following Judge Ware's denial of plaintiffs' motion to extend the deadline for filing a class certification motion[2]—a motion that was premised in part on the existence of this discovery motion, which plaintiffs filed the same day—plaintiffs modified their argument.  (*See* Docket No. 149.)  Plaintiffs now submit that information concerning the methodology of the KPMG analysis, such as the data KPMG considered, the type of sampling it used, and its choice of statistical modeling, is key to assess other statistical analyses performed by experts in this case.  They also suggest that the analysis is relevant to show whether defendants knew that their policy had a discriminatory impact.

Plaintiffs' revised arguments fail to convince the court that their claims in the instant litigation depend in any way on KPMG's 2007 analysis of defendants' loan-level data.  No expert in the case relies on KPMG's analysis, and plaintiffs can challenge the sufficiency of defendants' current analysis without KPMG's methodology.  Furthermore, because plaintiffs do not allege intentional discrimination, the court is unpersuaded that KPMG's methodology is relevant to plaintiffs' assertion that defendants may have known about the impact of their policy.  Instead, plaintiffs' claims, according to their asserted theory of the case, will succeed or fail based on the existing experts' statistical analyses of defendants' loan-level data—data that plaintiffs concede they have received.  Under such circumstances, the court is unconvinced that documents or testimony concerning the KPMG analysis is relevant to the merits of this case or likely to lead to admissible evidence.

## CONCLUSION

Based on the foregoing, the court DENIES plaintiffs' motion to compel.[3]

**IT IS SO ORDERED.**

Dated: March 16, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiffs filed their motion for class certification on February 25, 2010.  (Docket No. 154.)

[3] As the court finds that plaintiffs failed to meet and confer in advance of the motion and that the KPMG analysis is not relevant under the circumstances of this case, it need not reach the parties' alternative arguments.

3

**C 08-01515** **Notice will be electronically mailed to:**

| Name | Email |
|---|---|
| Alan R Plutzik | aplutzik@bramsonplutzik.com |
| Alan Roth Plutzik | aplutzik@bramsonplutzik.com |
| Andrew S. Friedman | afriedman@bffb.com, nvarner@bffb.com, rcreech@bffb.com |
| Charles Delbaum | cdelbaum@nclc.org |
| Coty Rae Miller | cmiller@csgrr.com |
| David S. Reidy | dreidy@reedsmith.com, vfedoroff@reedsmith.com |
| Donna Siegel Moffa | dmoffa@btkmc.com |
| Edward W. Ciolko | eciolko@btkmc.com, atrask@btkmc.com, dmoffa@btkmc.com, dmoffo@btkmc.com, erisapldg@btkmc.com, jweeden@btkmc.com, kmarrone@btkmc.com |
| Gary Edward Klein | Klein@roddykleinryan.com, kavanagh@roddykleinryan.com, mcclay@roddykleinryan.com, pereira@roddykleinryan.com |
| John J. Stoia , Jr | jstoia@csgrr.com |
| Joseph A Weeden | jweeden@btkmc.com |
| Joseph H. Meltzer | jmeltzer@btkmc.com, eciolko@btkmc.com, kmarrone@btkmc.com, rgray@btkmc.com |
| Lisa Diane Fialco | lisa@chavezgertler.com, jenna@chavezgertler.com |
| Mark Andrew Chavez | mark@chavezgertler.com, jenna@chavezgertler.com, kerri@chavezgertler.com |
| Nance Felice Becker | nance@chavezgertler.com, kerri@chavezgertler.com |
| Peter Anthony Muhic | pmuhic@btkmc.com, jbelack@btkmc.com, jsjohnson@btkmc.com |
| Robert M. Bramson | rbramson@bramsonplutzik.com |
| Theodore J. Pintar | TedP@csgrr.com |
| Tiffany Renee Thomas | tthomas@reedsmith.com, dborja@reedsmith.com, lbowman@reedsmith.com |
| Tyree P. Jones, Jr | tpjones@reedsmith.com, mmelodia@reedsmith.com, nbridgewater@reedsmith.com, scaraballo@reedsmith.com |
| Wendy Jacobsen Harrison | wharrison@bffb.com, kvanderbilt@bffb.com, rcreech@bffb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**