Tyree P. Jones, Jr. (SBN 127631)
David S. Reidy (SBN 225904)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone:   (415) 543-8700
Facsimile:    (415) 391-8269

Mark S. Melodia *(Pro Hac Vice)*
REED SMITH LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Telephone:   (609) 520-6015
Facsimile:    (609) 951-0824

Attorneys for Defendants
MERRILL LYNCH & CO., INC.; MERRILL LYNCH BANK & TRUST CO., FSB; MERRILL LYNCH MORTGAGE SERVICES CORPORATION; FIRST FRANKLIN MORTGAGE CORPORATION; FIRST FRANKLIN FINANCIAL CORPORATION AND HOME LOAN SERVICES, INC.

**IT IS SO ORDERED**
*James Ware*
Judge James Ware
2/4/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re First Franklin Financial Corp. Litigation | Case No.   C08-1515 JW (HRL)<br><br>**STIPULATION REGARDING OBJECTION TO SETTLEMENT**<br><br>*The Honorable James Ware* |

STIPULATION

WHEREAS, Plaintiffs in this matter ("the Action") filed a First Amended and Consolidated Class Action Complaint on May 7, 2009 asserting that First Franklin violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., and the Fair Housing Act, 42 U.S.C. § 3601 et seq., in connection with the pricing of mortgage loans;

WHEREAS, First Franklin denies any and all facts and claims alleged by Plaintiffs in the Action, and further denies that Plaintiffs or any members of the class they purport to represent have suffered any injury or damage;

WHEREAS, on August 17, 2010, the parties in this matter filed with the Court a Settlement Agreement setting forth their negotiated agreement to resolve the claims in this matter (Doc. No. 219-1);

WHEREAS, on August 31, 2010, the Court entered an Order granting preliminary approval of the Settlement Agreement (Doc. No. 226);

WHEREAS, the Court's order of preliminary approval directed that notice of the settlement be given to the settlement class members, and provided that any class member wishing to object to the settlement should do so in writing by December 14, 2010;

WHEREAS, the Settlement Agreement in this matter provides that if the settlement receives final approval, all settlement class members will finally and completely release and forever discharge, and shall be deemed to have fully, finally, completely released and forever discharged, the Released Parties, and each of them, from any and all actual or potential claim, right, demand, charge, complaint, action, cause of action, suit, counterclaim, cross-claim, third-party claim, contention, allegation, obligation, assertion of wrongdoing or liability of any and every kind whatsoever, including, without limitation, those based on contract, Equal Credit Opportunity Act, and/or the Fair Housing Act, or any other federal, state, local or other law, statute, regulation, or principle of common law or equity, including, without limitation, all claims for monetary, equitable, declaratory, injunctive, or any other form of relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Plaintiffs or any Settlement Class Member ever had, now has, or

- 1 -

STIPULATION

may have in the future, resulting from, arising out of, or in any way, directly or indirectly, connected with (a) the claims raised in the Action, or (b) any claims which could have been raised in the Action based on the same transactional nucleus of facts ("the Release");

WHEREAS, on or about December 13, 2010, counsel for class members David Rajamin and Edith Gonzalez Larios ("the Rajamin objectors"), who are Plaintiffs in an unrelated matter in the Southern District of New York styled *Rajamin, et al. v. Deutsche Bank, et al.*, No. 10-CV-7531-LTS ("the *Rajamin* Action"), asserted an objection in this Action on behalf of these class members, based on the Release language in the Settlement Agreement;

WHEREAS, the parties in this matter have communicated with counsel for the Rajamin objectors in a good faith effort to resolve this objection;

WHEREAS, the parties wish to provide clarification as to the intended scope of the Release approved by the Court and communicated to class members in this Action, so as to provide assurances to the Rajamin objectors that class members who participate in the settlement in this Action will not release their right to assert or pursue the claims currently being asserted in the *Rajamin* Action;

WHEREAS, the Rajamin objectors now wish to withdraw their objection with the Court's approval;

NOW THEREFORE, the parties stipulate as follows:

1. The claims released by settlement class members in connection with the Settlement Agreement are only those claims that were raised in this Action (or which could have been raised in this Action) that relate to alleged discriminatory practices in connection with the pricing of mortgage loans for African American and Hispanic borrowers.

2. Nothing in the Settlement Agreement or in this Stipulation is intended to waive or release any claims asserted in the *Rajamin* Action, and First Franklin will not contend that any Class Members have affirmed their debt by not opting out of this settlement.

**SO STIPULATED:**

Dated: January 10, 2011

REED SMITH LLP

By _Mark S. Melodia / maw_
Tyree P. Jones, Jr.
Mark S. Melodia
Attorneys for Defendants
MERRILL LYNCH & CO., INC.; MERRILL LYNCH BANK & TRUST CO., FSB; MERRILL LYNCH MORTGAGE SERVICES CORPORATION; FIRST FRANKLIN MORTGAGE CORPORATION; FIRST FRANKLIN FINANCIAL CORPORATION AND HOME LOAN SERVICES, INC.

Dated: January 17, 2011

RODDY, KLEIN & RYAN

By _____
Gary Klein
Attorneys for Plaintiffs

Dated: January 10, 2011

NAGLER & ASSOCIATES

By _____
David F. Berry
Attorneys for Objectors David Rajamin and Edith Gonzalez Larios