**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re First Franklin Financial Corp. Litigation | NO. C 08-01515 JW<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENT** |

/

Plaintiffs, on their own behalf and on behalf of all similarly situated consumers, submitted to the Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Stipulation and Agreement of Settlement (the "Agreement"), and the attached exhibits, entered into by and between Plaintiffs and First Franklin Defendants. First Franklin Defendants do not oppose Plaintiffs' Motion.

On August 31, 2010, the Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). (See Docket Item No. 226.) Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, the Court having considered all papers filed, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. The Court has jurisdiction over the subject matter and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with Due Process, the Court hereby approves the Agreement and finds that the settlement consideration is fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

4. The Court hereby certifies, solely for purposes of effectuating this settlement, the "Settlement Class" defined as follows:

> All African-American or Hispanic persons (including, without limitation, individual borrowers, joint-borrowers, and coborrowers) who, between January 1, 2004 and the date First Franklin originated its last loan, obtained a mortgage loan from First Franklin.

   a. The Settlement Class is certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.

   b. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class as certified herein by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs").

5. For purposes of this settlement only, the Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented

|   |   |
|---|---|
| 1 | and protected the interests of all of the Settlement Class Members; (e) common questions |
| 2 | predominate over any individual issues; and (f) a class action is superior to other available |
| 3 | methods for the fair and efficient adjudication of the controversy, considering: (i) the |
| 4 | interests of the Settlement Class Members in individually controlling the prosecution of the |
| 5 | separate actions; (ii) the extent and nature of any litigation concerning the controversy |
| 6 | already commenced by Settlement Class Members; (iii) the desirability or undesirability of |
| 7 | continuing the litigation of these claims in this particular forum; and (iv) the difficulties |
| 8 | likely to be encountered in the management of the class action. |

6. The Court finds that the notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, Due Process, and any other applicable laws.

7. The Court has reviewed and considered any and all objections to the settlement and finds them to be without merit. Each objection is therefore overruled in its entirety.

8. The Court finds that the Settlement can and should be finally approved as fair and reasonable substantially for the reasons set forth in the Motion and the Memorandum in support of the Motion, as well as based on the record before the Court. More specifically, the Court finds that the Settlement can and should be finally approved for reasons including, without limitation, the following: 1) the parties engaged in substantial discovery and contested class certification proceedings that informed them of the respective strengths and weaknesses of their position; 2) both parties were represented by highly qualified counsel who, throughout this case, produced high quality work; 3) the Settlement Agreement was negotiated at arms length, using procedures that have been endorsed in this jurisdiction for settlement of class actions; 4) the Parties dispute the validity of the claims in this Action, and their dispute underscores not only the uncertainty of the outcome in this matter, but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate, and in the best interests of the Settlement Class. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigate, Class Members would also face the challenge of surviving an appeal of

1 any class certification order entered in this Action, and any other rulings rendered during
2 trial; 5) The relief negotiated by the Parties provides meaningful economic consideration for
3 disputed claims, together with access for class members to relief in the form of priority
4 access to foreclosure avoidance options, including counseling by highly respected national
5 non-profits; 6) the parties used negotiation procedures including mediation of attorney's fees
6 and costs only after they had reached agreement on relief to the class, which appropriately
7 aligned the interest of class counsel with those of the class.

8 9. The Court hereby dismisses with prejudice on the merits and without costs (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the settlement).

10. Plaintiffs and each Settlement Class Member their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, joint borrowers, guarantors, predecessors-in-interest, assigns and all persons acting for or on their behalf fully, finally and completely release and forever discharge, shall be deemed to have fully, finally, completely released and forever discharged, the Released Parties, and each of them, from any and all actual or potential claim, right, demand, charge, complaint, action, cause of action, suit, counterclaim, cross-claim, third-party claim, contention, allegation, obligation, assertion of wrongdoing or liability of any and every kind whatsoever, including, without limitation, those based on contract, ECOA, and/or the FHA, or any other federal, state, local or other law, statute, regulation, or principle of common law or equity, including, without limitation, all claims for monetary, equitable, declaratory, injunctive, or any other form of relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which Plaintiffs or any Settlement Class Member ever had, now has, or may have in the future, resulting from, arising out of, or in any way, directly or indirectly, connected with only (a) the claims raised in the Action, or (b) any claims which could have been raised in the Action that relate to alleged discriminatory practices in connection with

4

the pricing of mortgage loans for African American and Hispanic borrowers.

11. Nothing in the Settlement Agreement is intended to waive or release any claims asserted in the *Rajamin* Action and nothing in this Settlement Agreement shall be considered an affirmation of debt by any Class Member who has not opted out of this settlement.

12. The Court approves the Settlement Agreement and orders the parties to comply with its terms. In addition, in order to provide the relief specified in §§ 3.3(c), 3.5 of the Settlement Agreement, the parties, within 30 days of Final Approval, shall: (1) include on the Settlement Website, in a clear and easily accessible manner, the contact information for the foreclosure counseling services provided by the National Council of LaRaza, the National Urban League, and the Neighborhood Housing Services of Chicago, Inc.; (2) include on the Settlement Website, in a clear and easily accessible manner, a list of First Franklin Affiliates providing loan modification services and the telephone numbers required to access said loan modification services; (3) provide notice to Class Members that the preceding information is available on the Settlement Website; and (4) maintain and regularly update the Settlement Website until no longer required to provide the relief specified in §§ 3.3(c), 3.5 of the Settlement Agreement.

13. As of the date of entry of the Preliminary Approval Order, Plaintiffs and Settlement Class Members are deemed to have waived Section 1542 of the California Civil Code and any similar, comparable, or similar provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment,

5

1  Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may
2  hereafter discover facts in addition to, or different from, those facts which they now know or
3  believe to be true with respect to the subject matter of the settlement, but that they fully,
4  finally and forever release and discharge all Released Claims, and in furtherance of such
5  intention, the release will remain in effect notwithstanding the discovery or existence of any
6  such additional or different facts.

7  14. The Court approves an award to be paid from the Settlement Fund to Class Counsel of
8  $1,795,000 in attorney fees and costs and service awards of $7,500 for each Plaintiff. The
9  service awards shall be in addition to any claims Plaintiffs may have to share in the Fund.
10 Both the attorney fees and cost payment and the service awards will be paid by First Franklin
11 in addition to the payment made to establish the Settlement Fund. The Court finds that
12 having filed their motion seeking attorneys fees and service awards on November 22, 2010
13 (Docket Item No. 228) together with supporting documentation and having made such
14 motion and documentation available to class members prior to the deadline for objections to
15 final approval of the settlement on the website for the settlement, Plaintiffs complied with the
16 Ninth Circuit's holding in In re Mercury Interactive Securities Litigation, 618 F.3d 988 (9th
17 Cir. 2010).

18 15. The Court, having presided over the above-captioned action and having considered the
19 materials submitted by Class Counsel in support of final approval of the settlement as well as
20 their request for attorneys fees and costs, finds the award appropriate based on the following
21 factors:
22   a. The settlement provides substantial benefits for the class.
23   b. The requested award of attorneys fees and expenses is within the range of reasonable
24      fees for similar class action settlements.
25   c. The requested fee is consistent with the total lodestar fees of Class Counsel, based on
26      declarations submitted to the Court.

    d.    This litigation raised numerous questions of law and fact, Plaintiffs' Counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement Agreement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

    e.    The Settlement was negotiated at arms' length and without collusion, and the amount of the fees was resolved with the assistance of a highly qualified mediator.

    f.    By negotiating fees and costs only after resolution of the amount of the common fund, Class Counsel's interests were fully aligned, during the settlement negotiation process, with those of members of the Settlement Class, such that Class Counsel had appropriate incentives to maximize the size of the common fund.

    g.    The award of attorney's fees and costs does not diminish the amount of the Settlement Fund and therefore does not reduce the amount available to class members.

16.    Class Representatives' request for approval of service awards in the amount of $7,500 per Class Representative, which First Franklin does not oppose, is approved. These awards represent appropriate compensation to the Class Representatives, consistent with the value of their service to the members of the Settlement Class. The service awards do not diminish the amount of the Settlement Fund and therefore do not reduce the amount available to class members.

17.    This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to or in furtherance thereof:

    a.    Will not be offered or received against the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the First Franklin Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Second Amended and Consolidated

        Class Action Complaint or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Second Amended and Consolidated Class Action Complaint or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

  b. Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement, except that the Released Parties may refer to it to effectuate the liability protection granted them thereunder;

  c. Will not be construed against the First Franklin Defendants as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

18. The Released Parties may file the Agreement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

20. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing jurisdiction to implement the Settlement Agreement and to construe, enforce and administer the Settlement Agreement and this Judgment and Order. Class

Counsel are to continue in their role to oversee all aspects of the Agreement and settlement. Upon notice to Class Counsel, First Franklin Defendants may seek from the Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

21. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

The Clerk shall close this file.

IT IS SO ORDERED.

Dated: February 11, 2011

JAMES WARE
United States District Chief Judge

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Roth Plutzik aplutzik@bramsonplutzik.com
Andrew S. Friedman afriedman@bffb.com
Charles Delbaum cdelbaum@nclc.org
Coty Rae Miller cmiller@rgrdlaw.com
David S. Reidy dreidy@reedsmith.com
Donna Siegel Moffa dmoffa@btkmc.com
Edward W. Ciolko eciolko@btkmc.com
Gary Edward Klein Klein@roddykleinryan.com
John J. Stoia jstoia@rgrdlaw.com
Joseph A Weeden jweeden@sbtklaw.com
Joseph H. Meltzer jmeltzer@btkmc.com
Lisa Diane Fialco lisa@chavezgertler.com
Luke William Bowman lbowman@reedsmith.com
Mark Andrew Chavez mark@chavezgertler.com
Nance Felice Becker nance@chavezgertler.com
Peter Anthony Muhic pmuhic@btkmc.com
Robert M. Bramson rbramson@bramsonplutzik.com
Tiffany Renee Thomas tthomas@reedsmith.com
Tyree P. Jones tpjones@reedsmith.com
Wendy Jacobsen Harrison wharrison@bffb.com

**Dated: February 11, 2011**          **Richard W. Wieking, Clerk**

                                      **By:     /s/ JW Chambers
                                               Elizabeth Garcia
                                               Courtroom Deputy**